UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADRIENNE HANKINS,

Plaintiff,

v.

DENTONS US LLP, et al.,

Defendants.

Case No. 26-cv-01163-TSH

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Re: Dkt. No. 47

## I.    INTRODUCTION

Plaintiff Adrienne Hankins, who is representing herself, asserts employment-related claims against her former employer, Defendant Dentons US LLP, and several current or former Dentons personnel.  After Plaintiff moved to disqualify Dentons US LLP and Dentons attorney Sandra R. McCandless from representing Defendants, the Court denied her motion.  *See* ECF No. 45; *Hankins v. Dentons US LLP*, 2026 WL 1799227 (N.D. Cal. June 22, 2026).  Plaintiff now moves for an order granting leave to file a motion for reconsideration.  ECF No. 47.  For the reasons stated below, the Court **DENIES** the motion.[1]

## II.    BACKGROUND

The Court incorporates the factual and procedural background from its previous order.  *See* ECF No. 45 at 1-4.  On February 23, 2026, Plaintiff moved for disqualification based on the Court's inherent authority and various California Rules of Professional Conduct.  ECF No. 14.  In support of disqualification, Plaintiff argued, among other things, that: (1) Dentons violated Rule of

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 6, 8, 44.

United States District Court
Northern District of California

Professional Conduct 4.3 because counsel did not disclose adversity, did not advise her to seek counsel, and did not correct her misunderstanding of counsel's role during calls between the parties; (2) Rule 1.18 applies because the calls created a prospective-client relationship, during which Dentons received information that could be significantly harmful to her; (3) alternatively, an implied attorney-client relationship arose under Rule 1.9, rendering Dentons' representation directly adverse in the same matter; (4) any resulting conflict is imputed to the entire firm under Rule 1.10; and (5) McCandless is a necessary witness under Rule 3.7 regarding the content and context of the January communications.

On June 22, 2026, the Court denied Plaintiff's motion to disqualify on two independent grounds. First, the Court held Plaintiff lacked standing to seek disqualification. ECF No. 45 at 7-9. Second, the Court held that even assuming standing existed, Plaintiff failed to establish a conflict warranting disqualification. *Id.* at 9-16.

### III.   LEGAL STANDARD

Under Civil Local Rule 7-9(a), a motion for reconsideration may be granted before entry of judgment adjudicating all of the claims and rights and liabilities of all the parties in a case. Civ. L.R. 7-9(a). A motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b). Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted). Furthermore, "[a] motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Further, the moving party may not reargue any written or oral argument previously asserted to the court.  Civ. L.R. 7-9(c).

## IV.    DISCUSSION

The present motion largely disputes the Court's evaluation of the factual record concerning the January 2026 communications between Plaintiff and Dentons attorneys.  Plaintiff argues the Court's order "mirrors" defense briefing, overlooked reply evidence, and thereby misapprehended material facts relevant to standing and Rule 4.3.  Mot. at 4, 8-9.  Plaintiff contends the Court misapprehended Rule 4.3(a) by undervaluing the parties' longstanding workplace relationships, the supportive tone of the calls with Dentons' attorneys and the lack of an adversity disclaimer from them, and her "outside counsel" comment that went uncorrected.  She cites record statements that McCandless initiated calls, expressed concern about Plaintiff's medical coverage, discussed "talking money," and did not clarify her role.  *Id.* at 10, 14.  However, these contentions do not demonstrate that the Court failed to consider material facts presented in the record.  Rather, they reflect Plaintiff's disagreement with the Court's conclusions drawn from those facts.  As explained in the June 22 Order, Plaintiff failed to establish the existence of either an attorney-client relationship or a prospective-client relationship with Dentons' attorneys.  The Court concluded that Plaintiff had already retained counsel to send a demand letter, had already initiated litigation against Dentons, participated in settlement discussions after filing suit, and failed to demonstrate that Dentons' attorneys rendered legal advice or otherwise entered into a professional relationship with her.  ECF No. 45 at 8, 10.

Plaintiff's assertions that the Court relied upon Defendants' opposition or failed to discuss every factual contention in her reply do not establish manifest error.  The Court considered Plaintiff's briefing, declarations, exhibits, and reply in their entirety.  The fact that the Order did not expressly discuss every factual assertion or every legal contention does not establish that the Court failed to consider them.  Rather, reconsideration under Civil Local Rule 7-9(b)(3) requires a showing that the Court manifestly failed to consider a material fact or dispositive legal argument, not merely that the Court declined to discuss every point raised.  The fact that the Court reached conclusions similar to those urged by Defendants does not demonstrate that the Court failed to

3

United States District Court
Northern District of California

conduct its own independent review of the record. *See Kuklok v. United States Dep't of Veterans Affs.*, 2020 WL 6873426, at *2 (N.D. Cal. Nov. 23, 2020), *aff'd sub nom. Kuklok v. U.S. Dep't of Veterans Affs.*, 2022 WL 256361 (9th Cir. Jan. 26, 2022) ("A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly.") (quoting *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)); *Snyder v. Dep't of Def.*, 2005 WL 1796228, at *2 (N.D. Cal. July 27, 2005) (same).

Plaintiff also argues the Court overlooked a purported "side-switching" theory under California Rules of Professional Conduct 4.3 and 1.18. Mot. at 13-14. The Court disagrees. The June 22 Order expressly addressed Rules 4.3 and 1.18 and concluded Plaintiff had not established that she was a prospective client within the meaning of those rules. ECF No. 45 at 10-11. Recharacterizing the same theory as "side-switching" does not identify a dispositive legal argument the Court failed to consider.

Plaintiff's motion also highlights her reply declaration statements (e.g., call durations, Law.com article context, and additional descriptions of what she shared during the calls) and asserts these were overlooked. Mot. at 7, 9. But even assuming those items were not expressly quoted, they are cumulative of the facts the Court already credited (i.e., that the calls occurred, included discussion of money, benefits, and Plaintiff's circumstances, and that no express disclaimer of adversity was given). The present motion does not identify any controlling Ninth Circuit or California authority demonstrating that the Court applied an incorrect legal standard. Instead, Plaintiff principally offers additional factual context regarding the January conversations and argues those facts should have led the Court to a different conclusion. That is not the function of reconsideration.

### V.    CONCLUSION

Reconsideration is an extraordinary remedy to be used sparingly. *See Kona Enterprises*, 229 F.3d at 890. The Court finds Plaintiff has not demonstrated that the Court manifestly failed to consider material facts or dispositive legal arguments previously presented, nor has she identified an intervening change in law or other basis warranting reconsideration. The motion therefore seeks, in substance, to relitigate issues the Court has already resolved, which is not a proper

purpose of reconsideration.  Accordingly, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 7, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California